J-S11039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EDWARD LLOYD, JR. | : | |
| | : | |
| Appellant | : | No. 752 WDA 2021 |

Appeal from the PCRA Order Entered May 24, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015324-1992

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                  **FILED: JULY 29, 2022**

James Edward Lloyd, Jr. ("Lloyd"), appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 1992, Lloyd, while dressed as a woman and wearing a wig, lipstick, facial foundation, and stuffing in his chest to make it appear as though he had breasts, entered a bank in Pittsburgh.  Lloyd pointed a gun at a bank customer, and thereafter demanded money from several tellers before absconding with approximately $8,000.  Police apprehended Lloyd one month later, and two bank employees identified him as the robber.  The Commonwealth charged Lloyd with three counts of robbery, and a jury convicted him on all counts.  The trial court imposed an aggregate sentence

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

of thirty to sixty years in prison. Lloyd filed a counseled direct appeal alleging, *inter alia*, ineffective assistance of trial counsel. This Court affirmed the judgment of sentence but remanded for an evidentiary hearing on the ineffectiveness claim. *See Commonwealth v. Lloyd*, 660 A.2d 122 (Pa. Super. 1995) (unpublished memorandum).

Upon remand, the trial court appointed Timothy Urich, Esquire, to represent Lloyd and thereafter conducted an evidentiary hearing. Following the hearing, the trial court found no ineffectiveness by trial counsel and reinstated Lloyd's prior sentence. Lloyd appealed, and on March 12, 1996, this Court affirmed the judgment of sentence. *See Commonwealth v. Lloyd*, 678 A.2d 829 (Pa. Super 1996) (unpublished memorandum). On March 20, 1996, Attorney Urich informed Lloyd via written correspondence that this Court had affirmed his judgment of sentence and that, if he wished to file a petition for allowance of appeal with our Supreme Court, he must do so by April 12, 1996. Attorney Urich suggested that Lloyd file a *pro se* petition and request court-appointed counsel for the appeal. Attorney Urich did not indicate that he had taken any steps to withdraw from representation, or that he intended to seek permission to withdraw.

On April 12, 1996, Lloyd filed a *pro se* petition for allowance of appeal.[2] The prothonotary of the Pennsylvania Supreme Court received the petition on April 15, 1996. On that same date, the prothonotary returned the petition to Lloyd via correspondence explaining that the petition was untimely, as it was required to be filed on or before April 11, 1996. More than one year later, on July 7, 1997, Lloyd filed a *pro se* petition for allowance of appeal *nunc pro tunc*, which the Supreme Court prothonotary accepted for filing. On September 12, 1997, our Supreme Court denied allowance of appeal. **See Commonwealth v. Lloyd**, 83 W.D. 1997 (Pa. 1997).

In 1998, Lloyd filed a *pro se* PCRA petition, his first. The PCRA court appointed Diana Stavroulakis, Esquire, as counsel, who filed an amended petition asserting ineffectiveness of trial counsel. The PCRA court dismissed the petition as untimely. Attorney Stavroulakis filled a notice of appeal and petitioned to withdraw from representation, noting that Lloyd requested that she do so. This Court affirmed the dismissal and our Supreme Court denied allowance of appeal. **See Commonwealth v. Lloyd**, 782 A.2d 1056 (Pa. Super. 2001), *appeal denied*, 568 Pa. 717 (Pa. 2002).

---

[2] Lloyd concedes that he represented to the PCRA court that he "filed" the petition on April 12, 1996. **See** Lloyd's Brief at 19; **see also** Response to Rule 907 Notice, 5/14/21, at ¶ 28 (stating that "acting on counsel's advice, [Lloyd] filed his [petition for] allowance of appeal on what he believed was the final day, April 12, 1996").

On March 25, 2020, Lloyd filed the instant *pro se* PCRA petition, his second, asserting Attorney Urich's *per se* ineffectiveness for failing to file a timely petition for allowance of appeal and abandonment by counsel. Lloyd claimed that Attorney Urich stated in his March 20, 1996 correspondence that he had withdrawn from representation. Lloyd further claimed that he did not discover that Attorney Urich had not withdrawn from representation until he obtained a copy of the trial court docket in September of 2019. Lloyd additionally asserted that Attorney Stavroulakis was ineffective for not discerning Attorney Urich's *per se* ineffectiveness and abandonment. The PCRA court appointed Suzanne Swan, Esquire, as counsel. Attorney Swan filed a petition to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the "no-merit" letter, Attorney Swan concluded that Lloyd's ineffectiveness claims were time-barred. The PCRA court granted Attorney Swan's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Lloyd did not respond to the notice. On October 7, 2020, the PCRA court dismissed the petition.

On October 13, 2020, Lloyd filed a motion for extension of time to file a response to the Rule 907 notice. On November 3, 2020, the PCRA court issued an order vacating the October 7, 2020 dismissal order and granting Lloyd

leave to file a response to the Rule 907 notice.[3]  Lloyd filled a second *pro se* motion for extension of time to file a response to the Rule 907 notice.  The PCRA court granted the motion.  Lloyd then filed a *pro se* response to the Rule 907 notice.  On May 24, 2021, the PCRA court dismissed the petition. Thereafter, Lloyd filed a timely *pro se* notice of appeal.[4]  The PCRA court

_____

[3] On November 5, 2020, Lloyd filed a notice of appeal of the October 7, 2020 dismissal order, apparently not yet aware that it had been vacated.

[4] The clerk of courts received Lloyd's *pro se* notice of appeal on June 24, 2021, which was thirty-one days after the entry of the May 24, 2021 dismissal order. **See** Pa.R.A.P. 903(a) (providing that the notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).  While the notice appears facially untimely, under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.  **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).  A prisoner bears the burden of proving delivery of the document to prison authorities within the prescribed time period for its filing.  **Id**. Pursuant to our Rules of Appellate Procedure, a prisoner can meet this burden by producing "a properly executed prisoner cash slip or other reasonably verifiable evidence."  Pa.R.A.P. 121(f); **see also Jones**, 700 A.2d at 426 (holding that reasonably verifiable evidence includes a Postal Form 3817 certificate of mailing, a prison "cash slip" noting a prisoner account deduction and the date of mailing, a prisoner's affidavit attesting to the date of deposit, and evidence regarding the operating procedures of the mail delivery service in question).  Where the facts concerning the timeliness of the filing are in dispute, a remand for an evidentiary hearing may be warranted.  **See Jones**, 700 A.2d at 426 n.3.  Our review of the certified record reflects that Lloyd indicated in his docketing statement that he is incarcerated, that he mailed the notice of appeal on June 21, 2021, and that the prisoner mailbox rule applies.  The notice of appeal and the attached certificate of service are dated June 21, 2021.  However, Lloyd has not presented this Court with any reasonably verifiable evidence demonstrating the date on which he deposited the notice of appeal with prison authorities.  Nevertheless, where the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remanding for an evidentiary hearing.  **See Commonwealth v. Cooper**, 710

*(Footnote Continued Next Page)*

appointed J. Richard Narvin, Esquire, as counsel, who filed a court-ordered Pa.R.A.P. 1925(b) concise statement. The PCRA court then issued a Rule 1925(a) opinion.

Lloyd raises the following issues for our review:

1. Did the PCRA court err when it dismissed [Lloyd's second] *pro se* PCRA petition without hearing when [Lloyd] set forth facts, both of record and off record which, if proven would have entitled him to relief? More specifically:

   a. [Lloyd] was abandoned by both direct appeal counsel[, Attorney Urich,] and first PCRA counsel[, Attorney Stavroulakis]. [Attorney Urich] for failure to file a petition for allowance of appeal and [Attorney Stavroulakis] for failure to identify the claim.

   b. [Lloyd] was unaware of [Attorney Urich's] abandonment until September 6, 2019, therefore allowing for an exception to the filing time requirements of both 42 Pa.C.S.[A.] 9545(b)(1)(i) and (ii), contrary to the conclusions set forth in PCRA counsel's no-merit letter.

2. Was [Lloyd] unlawfully and prejudicially deprived of his established right to effective assistance of counsel in filing a petition for allowance of appeal with the Pennsylvania Supreme Court when it was by [Attorney Urich's] specific *per se* errors which caused the loss and this was [Lloyd's] first opportunity to raise the claim?

3. Was PCRA counsel ineffective in failing to raise these claims?

Lloyd's Brief at 3 (unnecessary capitalization omitted).

_____

A.2d 76, 79 (Pa. Super. 1998); *see also* ***Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (deeming an appeal timely based on the date on the notice of appeal and date of receipt three days after the thirty-day period expired). Here, the Commonwealth does not challenge the timeliness of the appeal and Lloyd's assertion of timeliness is plausible. We therefore conclude that the appeal is timely.

Our standard of review of an order dismissing a PCRA petition is well-settled.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

This Court previously determined that Lloyd's judgment of sentence became final on April 11, 1996, when the period in which to file a timely petition for allowance of appeal with our Supreme Court expired. *See Lloyd*,

- 7 -

678 A.2d 829 (unpublished memorandum at 4) (explaining that the filing and subsequent denial of Lloyd's petition for allowance of appeal *nunc pro tunc* did not operate to alter the date on which his judgment of sentence became final); **see also** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review); Pa.R.A.P. 1113 (providing that a petition for allowance of appeal shall be filed with the Prothonotary of the Pennsylvania Supreme Court within thirty days of the entry of the Superior Court order).[5] Lloyd had until April 11, 1997, to file the instant PCRA Petition, but did not do so until March 25, 2020. Thus, Lloyd's petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

---

[5] Lloyd incorrectly asserts that his judgment of sentence became final on May 11, 1996. **See** Lloyd's Brief at 20.

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

Relevantly, section 9545(b)(1)(ii) permits an exception to the PCRA's time bar when the petitioner alleges and proves that there were facts that were unknown to him, and that he could not have ascertained those facts by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. *See Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id*. at 1071. The focus of the exception found at section 9545(b)(1)(ii) is on newly discovered facts, not on newly discovered sources that corroborate previously known facts. *See Commonwealth v. Robinson*, 185 A.3d 1055, 1064 n.4 (Pa. Super. 2018) (*en banc*).

Our courts have generally rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness as a newly discovered fact for purposes of the timeliness exception set forth in section 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (holding that the "fact" that current counsel discovered prior PCRA counsel had failed to develop an issue of trial counsel's ineffectiveness was not a newly-discovered fact qualifying for an exception to the PCRA time limitations). However, our Supreme Court has ruled that the analysis set forth in *Gamboa-Taylor* and subsequent case law does not apply to situations when counsel abandons his client for purposes of appeal. *See Bennett*, 930 A.2d at 1273 (recognizing a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances where counsel has failed to file an appeal); *see also Commonwealth v. Peterson*, 192 A.3d 1123, 1129 (Pa. 2018) (clarifying the distinction between "claims of ineffectiveness for *partial* deprivations of appellate review, [such as] attorney errors in narrowing the issues for review, from instances in which petitioners assert claims of ineffectiveness resulting in *complete* deprivations of appellate review, [such as] attorney errors that resulted in petitioners being dispossessed of any opportunity for appellate review") (emphasis in original). In our Supreme Court's view, the complete deprivation of appellate review is the functional equivalent of having no counsel at all, and constitutes a form of

ineffectiveness *per se*. ***Id***.

Accordingly, where counsel's ineffectiveness results in the **complete** deprivation of appellate review, such ineffectiveness may constitute a newly discovered fact for purposes of section 9545(b)(1)(ii). ***See Bennett***, 930 A.2d at 1273 (holding that PCRA counsel's failure to file an appellate brief which resulted in the dismissal of petitioner's appeal constituted abandonment which was *per se* prejudicial and which constituted a claim within the ambit of section 9545(b)(1)(ii)); ***see also Commonwealth v. Williamson***, 21 A.3d 236, 242 (Pa. Super.2011) (extending ***Bennett*** to include counsel's failure to timely file a petition for allowance of appeal with the Pennsylvania Supreme Court after this Court affirmed the dismissal of his first PCRA petition).

In the instant matter, Lloyd concedes that his petition is facially untimely but asserts that his claims of *per se* ineffectiveness and abandonment by Attorney Urich entitle him to relief under section 9545(b)(1)(ii) pursuant to ***Bennett***, ***Peterson***, and ***Williamson***. We agree that ***Bennett*** applies to the facts before us, as Attorney Urich's failure to file a timely petition for allowance of appeal did not merely narrow the scope of claims for appellate review, but altogether denied Lloyd discretionary review in our Supreme Court of this Court's order affirming his judgment of sentence. Consequently, Attorney Urich's failure to file a petition for allowance of appeal may qualify as a newly-discovered fact within the ambit of section 9545(b)(1)(ii). ***See Williamson***, 21 A.3d at 242 (holding that counsel's failure to file a timely petition for

allowance of appeal could be considered a newly discovered fact for purposes of section 9545(b)(1)(ii)).

Importantly, however, when asserting ineffectiveness *per se* or abandonment by counsel resulting in the complete deprivation of appellate review, a petitioner must still plead and prove the specific elements of section 9545(b)(1)(ii)); namely, that the facts were unknown to him and that he could not discover them through the exercise of due diligence. **See Bennett**, 930 A.2d at 1274. Additionally, as with each of the exceptions set forth in section 9545(b)(1), the petitioner must plead the exception within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Thus, Lloyd was required to plead and prove that Attorney Urich's inactions were unknown to him, that he could not have discovered those facts by the exercise of due diligence, and that the instant petition was filed within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii), (2).

Here, Lloyd concedes that he was aware of Attorney Urich's failure to file a petition for allowance of appeal upon his receipt of counsel's March 20, 1996 letter advising him of this fact. **See** Lloyd's Brief at 20. Nevertheless, Lloyd claims that he was unaware of the fact that such failure constituted *per se* ineffectiveness and abandonment until he received a copy of the lower court docket in September of 2019 and learned that Attorney Urich had never

withdrawn from representation.[6]   Lloyd contends that the instant petition,

filed on March 25, 2020, was filed within one year of his discovery of these

facts.[7]

We are not persuaded by Lloyd's claims of ignorance.  Lloyd candidly

admits that he was aware in March of 1996 that Attorney Urich failed to file a

petition for allowance of appeal.  Lloyd further concedes that, in his March 20,

1996 letter, Attorney Urich advised Lloyd to file a *pro se* petition for allowance

of appeal and to request new counsel for the appeal.  Lloyd also understood

that Attorney Urich provided him with an incorrect deadline for the filing of a

petition for allowance of appeal, as Lloyd received correspondence from the

protonotary of the Supreme Court on or about April 15, 1996, advising him

_____

[6] Although Lloyd insists that Attorney Urich stated in the letter that he had withdrawn from representation, our review of the letter confirms that no mention whatsoever was made therein regarding counsel's withdrawal from representation.  **See** Urich Letter, 3/20/96, at 1.

[7] Lloyd additionally argues that the prothonotary of the Supreme Court "interfered with his right to bring his appeal" because the letter from the prothonotary "made no mention of any evaluation of the postmark of . . . Lloyd's correspondence containing his request for allowance of appeal." Lloyd's Brief at 19 (unnecessary capitalization omitted).  Lloyd asserts that, if the prisoner mailbox rule had been considered, his *pro se* petition for allowance of appeal may have been timely if he delivered the petition authorities on or before April 11, 1996.  However, Lloyd did not raise this issue before the PCRA court.  **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).  Therefore, he failed to preserve it for our review.  Moreover, as explained above, Lloyd concedes that he represented to the PCRA court that he "filed" the petition on April 12, 1996.  **See** Lloyd's Brief at 19; **see also** Response to Rule 907 Notice, 5/14/21, at ¶ 28.

that his *pro se* petition for allowance of appeal which he filed on the date indicated by Attorney Urich, was rejected for filing because it was received one day late. Thus, the record establishes that Lloyd knew in March of 1996 that, as a result of Attorney Urich's ineffectiveness, he was completely deprived of discretionary appellate review in our Supreme Court of this Court's order affirming his judgment of sentence. Accordingly, pursuant to section 9545(b)(2), Lloyd was required to file a petition asserting Attorney Urich's ineffectiveness for failing to file a petition for allowance of appeal within one year of the date he received Attorney Urich's correspondence (*i.e.*, on or about March 20, 1997). Lloyd did not assert Attorney Urich's ineffectiveness until he filed his second *pro se* PCRA petition on March 25, 2020. Therefore, because the instant petition was filed more than one year after Lloyd discovered that Attorney Urich failed to file a petition for allowance of appeal, that particular ineffectiveness claim was time-barred and the PCRA court lacked jurisdiction to consider it.[8]

Lloyd additionally claims that he was unaware that Attorney Urich failed to withdraw from representation until he received a copy of the lower court

---

[8] The PCRA court determined that Lloyd's ineffectiveness claim regarding Attorney Urich was "at its heart, a claim for ineffective assistance of counsel th[at] does not save the untimeliness of the claim." PCRA Court Opinion, 9/20/21, at 4. Presumably, the trial court concluded that it lacked jurisdiction over Lloyd's ineffectiveness claim regarding Attorney Urich because it fell within the **Gamboa-Taylor** line of cases, rather than **Bennett** and its progeny. However, this Court may affirm on any valid basis appearing of record. **See Ford**, 44 A.3d at 1194.

docket in September of 2019. However, this claim is based entirely on Lloyd's inaccurate assertion that Attorney Urich stated in the March 20, 1996 letter that he had withdrawn from representation. Our review of that letter reveals that Attorney Urich did not advise Lloyd that he had withdrawn from representation or indicate that he intended to withdraw from representation. *See* Urich Letter, 3/20/96, at 1. Indeed, the March 20, 1996 letter is devoid of any discussion of Attorney Urich's withdrawal from representation. ***Id***. Given that Attorney Urich's March 20, 1996 letter did not advise Lloyd that he had withdrawn or intended to withdraw from representation, Lloyd's review of the lower court docket in September of 2019 appears to have provided Lloyd with a newly discovered source that corroborated a previously known fact, rather a newly-discovered fact. ***See Robinson***, 185 A.3d at 1064 n.4. Moreover, Lloyd has not explained why he could not have discovered that Attorney Ulrich neither sought nor was granted permission from the trial court to withdraw from representation through the exercise of due diligence upon receipt of Attorney Urich's March 20, 1996 correspondence.

Most importantly, however, Attorney Urich's failure to withdraw from representation did not result in the complete deprivation of Lloyd's appellate rights; rather, it was counsel's failure to file a timely petition for allowance of appeal that caused such a deprivation. Accordingly, Attorney Urich's failure to withdraw does not constitute a newly-discovered fact for purposes of section 9545(b)(1)(ii). ***See Bennett***, 930 A.2d at 1273; ***see also Gamboa-***

*Taylor*, 753 A.2d at 785. For this reason, the PCRA court properly determined that it lacked jurisdiction to consider it.

Lloyd's ineffectiveness claim regarding Attorney Stavroulakis is equally unavailing. Lloyd claims that Attorney Stavroulakis was ineffective for failing to raise Attorney Urich's *per se* ineffectiveness and abandonment in the amended PCRA petition that she filed on his behalf. Lloyd claims that, because Attorney Stavroulakis failed to recognize Attorney Urich's ineffectiveness, he has "never had a meaningful review of his [direct appeal] in clear negation of his right to due process." Lloyd's Brief at 17-18. Lloyd claims that he was unaware of Attorney Stavroulakis' ineffectiveness until he received a copy of the lower court docket in September of 2019 and learned that Attorney Urich had never withdrawn from representation. Lloyd contends that the instant petition, filed on March 25, 2020, was filed within one year of his discovery of these facts.

As explained above, our courts have generally rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness as a newly discovered fact for purposes of the timeliness exception set forth in section 9545(b)(1)(ii). *See Gamboa-Taylor*, 753 A.2d at 785. Therefore, unless prior counsel's ineffectiveness resulted in the complete deprivation of appellate review, the "fact" that current counsel discovered prior PCRA counsel's failure to develop an issue of trial

counsel's ineffectiveness is not a newly-discovered fact qualifying for an exception to the PCRA time limitations. ***Id***.

Here, Lloyd claims that Attorney Stavroulakis's failure to recognize Attorney Urich's ineffectiveness resulted in the deprivation of appellate review of his direct appeal. However, this is simply not the case. Pursuant to section 9545(b)(2), Lloyd was required to file a petition asserting Attorney Urich's ineffectiveness for failing to file a petition for allowance of appeal within one year of the date he received Attorney Urich's correspondence (*i.e.*, on or about March 20, 1997). Lloyd filed his first *pro se* PCRA petition in September 1998. By that time, the one-year period in which Lloyd could file a timely PCRA petition asserting Attorney Urich's ineffectiveness had expired. Thus, when the PCRA court appointed Attorney Stavroulakis to represent Lloyd and to file an amended petition, she could not have raised a timely ineffectiveness claim regarding Attorney Urich. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) (holding that counsel cannot be ineffective for failing to raise a meritless claim). Therefore, Lloyd's ineffectiveness claim regarding Attorney Stavroulakis does not constitute a newly-discovered fact for purposes of the timeliness exception set forth in section 9545(b)(1)(ii). Accordingly, the PCRA court properly determined that it lacked jurisdiction to consider it.

For these reasons, we conclude that the PCRA court lacked jurisdiction to consider Lloyd's ineffectiveness claims because the petition was untimely

and he failed to plead and prove an exception to the PCRA's time bar. Accordingly, we affirm the PCRA court's order dismissing Lloyd's petition. [9]

     Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/2022

---

[9] Lloyd cites to our Supreme Court's recent decision in **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021), wherein the Court ruled that a PCRA petitioner may raise claims of ineffectiveness of PCRA counsel at the first opportunity to do so, even if on appeal. Lloyd argues that **Bradley** "should control his present claim." Lloyd's Brief at 22. Lloyd asserts that "within PCRA counsel was ineffective for failing to raise the first PCRA counsel's ineffectiveness for failing to properly review the record and discover and plead the exception to the timeliness requirements of [section] 9545(b)(1)." **Id**. To the extent that Lloyd is attempting to raise a claim that Attorney Swan was ineffective for failing to file an amended petition asserting that Attorney Stavroulakis was ineffective for failing to raise Attorney Urich's ineffectiveness in the amended petition she filed on his behalf, this claim merits no relief. Attorney Swan was not ineffective for the same reason that Attorney Stavroulakis was not ineffective. As explained above, by the time Attorney Stavroulakis was appointed as PCRA counsel for Lloyd, his claim regarding Attorney Urich's *per se* ineffectiveness and abandonment was time-barred. Thus, Attorney Swan cannot be ineffective for failing to assert a meritless claim. **See Spotz**, 896 A.2d at 1210.